# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANNY MAYS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:08 cv 1124 |
| v. | : | |
| | : | Judge Sargus |
| AMERICAN ELECTRIC POWER | : | |
| COMPANY, INC., et. al. | : | |
| | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and relief sought in this action by Plaintiff and by Defendants require the production of certain confidential, proprietary and/or sensitive information from the parties, including Plaintiff's medical records; and

WHEREAS, Plaintiff and Defendants have agreed to the entry of this Order protecting the confidentiality of such information:

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, or other disclosure of information which is of a sensitive, personal, proprietary or otherwise confidential nature, including but not limited to the Plaintiff's medical condition, diagnosis and prognosis.

2. All materials designated Confidential Information pursuant to this Stipulated Protective Order, with the exception of the medical records of Plaintiff received directly from his medical provider(s), will have stamped or printed thereon "CONFIDENTIAL."

3. Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this litigation including appeals, if any.

4. Confidential Information shall be disclosed only to the following:

   a. Counsel for Plaintiff, his law clerk(s), paralegal(s), consulting attorney(s) and co-counsel, in-house Corporate Counsel who have signed this Stipulated Protective Order, and counsel for Defendants, their partners, associates, paralegals, and employees to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

   b. Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

   c. Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance.

   d. Any person whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation; and provided further, that such a person may only be shown copies of documents containing Confidential Information during his testimony or in consultation

      with counsel, and may not retain any such documents or copies, summaries or extracts thereof.

    e. As to any person referred to in subparagraphs (b), (c) and (d) above to whom Confidential Information may be shown, the attorneys of record shall first inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, and to be used solely for the purpose of preparing for and presenting evidence in this litigation and that these restrictions are imposed by a court order.  Each attorney of record shall obtain from each such person a Confidentiality Agreement in the form attached hereto as Exhibit A.

    f. Court reporters while in the performance of their official duties.

    g. This Court or any other court to which any appeal of this litigation is taken.

  5. All documents and briefs and other papers containing referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of Court and shall not be disclosed except as provided in this Order.  All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and shall be accompanied by a written request that the documents be placed under seal.  In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

  6. Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within five business days of such testimony noting the specific subject matter as Confidential Information.

7. No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

8. Nothing in this order shall be construed as waiver by Plaintiff or Defendants of their right to object to any request for discovery. This Stipulated Protective Order shall not be construed as an agreement by Plaintiff or Defendants to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto. Plaintiff and Defendants reserve the right to seek further protective orders from the Court in connection with any documents and other information.

9. Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Information in accordance with the provisions of this Order.

10. Within sixty (60) days after final termination of this litigation, counsel for each of the parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Stipulated Protective Order, except that nothing in this Order shall require return or destruction of Confidential Information containing or reflected in attorney work product if such work product is maintained by counsel in strict confidence. In lieu of returning said Confidential Information, counsel certifies, through his/her signature on this Order, that all reasonably precautions will be taken to ensure against disclosure of the Confidential Information after the termination of this action (including appeals).

11. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order.

IT IS SO ORDERED.

s/Mark R. Abel
UNITED STATES MAGISTRATE JUDGE

SO AGREED:

*s/Kendall D. Isaac*
Kendall D. Isaac (0079849)
The Isaac Firm LLC
341 South Third Street, Suite 10
Columbus, Ohio 43215
(614) 755-6540
(614) 755-6542 (Facsimile)
Kendall@theisaacfirm.com
Attorney for Plaintiff

*s/Franck G. Wobst*
Franck G. Wobst, Trial Attorney (0022958)
Jenny T. Swinerton (0077750)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 3200
Columbus, Ohio 43215

(614) 227-2000
(614) 227-2100 (facsimile)
fwobst@porterwright.com
jswinerton@porterwright.com
Attorneys for Defendants
David A. Laing, Of Counsel for Defendants (0023128)
American Electric Power Company, Inc.
1 Riverside Plaza, 15th Floor
Columbus, Ohio 43215
(614) 716-2435

dalaing@aep.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DANNY MAYS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:08 cv 1124 |
| v. | : | |
| | : | Judge Sargus |
| AMERICAN ELECTRIC POWER | : | |
| COMPANY, INC., et. al. | : | |
| | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____, whose address is _____, hereby acknowledges that he/she has received a copy of the Agreed Protective Order entered in the above entitled action, has read the same and understands its terms, and agrees to adhere to all of the provisions thereof including, without limitation, that he/she shall possess and use "Confidential Information" as defined in the Order only for the purpose of assisting counsel with prosecuting or defending this litigation, and shall not possess or use "Confidential Information" outside this litigation for any purpose or commercial benefit. I agree that I shall return to counsel by the end of my involvement in or at the conclusion of the litigation all tangible "Confidential Information" that have been provided to me, and I shall not make or retain any copies.

Dated:_____        _____
                                        Signature

                                        _____
                                        PRINT NAME